UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARGARITO CASAS,

    Defendant.
_____/

CASE NO: 04-CR-20046-BC

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES E. BINDER

**ORDER AFTER OBJECTIONS
ON MOTION TO REOPEN DETENTION HEARING**

On January 12, 2006, I issued an order denying a motion filed by counsel for Defendant to reopen a detention hearing. (Dkt. 93.) Eight days later, counsel filed objections to that order. (Dkt. 97.) The thrust of counsel's arguments is that I failed to consider a change in Defendant's circumstances brought about by the filing of a Second Superseding Indictment which dropped one count against Defendant. The Defendant argues that discovery now makes clear that he was only a "bystander" in the drug violations alleged against him in the Second Superseding Indictment.

Whether or not the filing of a second superseding indictment provides sufficient grounds for a reopening of a detention hearing, the defendant's arguments are simply wrong. In Count 6 of the Second Superseding Indictment, Defendant is the sole person charged. Thus, it is impossible for him to maintain that he was only "present" as a mere bystander. See also Counts 7 and 8 of the Second Superseding Indictment. Defendant's contentions are without merit.

More importantly, the ultimate question at every stage is whether a judicial officer can craft conditions or a combination of conditions which will reasonably assure the safety of the community and a defendant's appearance as required for future court hearings. 18 U.S.C. § 3142.

In light of the repeated significant violations of the bond issued earlier by this judicial officer, as outlined in the January 12, 2006, order, even if I were to reopen detention proceedings, I remain convinced that there is absolutely no set of conditions which would assure the safety of the community or the Defendant's appearance as required were I to release him on bond.

I therefore stand by my earlier order detaining the Defendant and denying his motion to reopen detention proceedings.

Review of this Order is governed by 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and E.D. Mich. LR 72.1(d).

**IT IS SO ORDERED**.

|  |  |
|---|---|
| Dated: January 31, 2006 | s/ *Charles E. Binder* <br> CHARLES E. BINDER <br> United States Magistrate Judge |

### CERTIFICATION

I hereby certify that this Order was electronically filed this date and electronically served on Janet L. Parker and Rod O'Farrell.

|  |  |
|---|---|
| Dated:  January 31, 2006 | By     s/Mary E. Dobbick <br> Secretary to Magistrate Judge Binder |